UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**PHILIP BORRIS,**

    **Plaintiff,**

  v.

**ENTERPRISE TECHNICAL
ASSISTANCE SERVICES, INC.,**

    **Defendant.**

Case No. 2:20-cv-5664
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## ORDER

This matter is before the Court on several motions (ECF Nos. 104, 105, 107) filed by Plaintiff Philip Borris. In December 2023, Mr. Borris and Defendant Enterprise Technical Assistance Services, Inc. ("ETAS") reached a settlement in this matter. (ECF No. 97.) Mr. Borris, through a series of motions, now seeks to drop ETAS as a party, and instead pursue his claims against whom he alleges are the proper Defendants—the United States Department of Energy, Portsmouth Paducah Project Office, Joel B. Bradburne, Reinhard Knerr, David Riley, Susan Sparks, and Teri L. Donaldson. (ECF No. 107.)

For the reasons below, the Court **GRANTS** (1) the motion to withdraw Mr. Borris's amended complaint (ECF No. 104); (2) the motion for leave to file an amended complaint (ECF No. 105); and (3) the motion to drop ETAS as a party and add the new Defendants (ECF No. 107).

**I.    Motion to Withdraw Amended Complaint (ECF No. 104)**

To bring his claims against the Department of Energy, Mr. Borris first filed an Amended Complaint in January 2024, not as a matter of course under Federal Rule of Civil Procedure 15(a)(1), and without opposing counsel's consent or the Court's leave to amend. (ECF No. 103); *see* Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's

written consent or the court's leave"). Mr. Borris then moved to withdraw his amended complaint. (ECF No. 104.) Because Mr. Borris did not comply with Rule 15, his motion (ECF No. 104) is **GRANTED** and Mr. Borris's amended complaint (ECF No. 103) is withdrawn.

## II. Motion for Leave to Amend (ECF No. 105) and Motion to Dismiss Claims or Drop ETAS as a Party Defendant and Add Parties (ECF No. 107)

Once he recognized his procedural error, Mr. Borris moved for leave to file an amended complaint. (ECF No. 105.) ETAS did not oppose that motion. (*Id.*) Soon thereafter, Mr. Borris also moved to dismiss his claims against ETAS, drop ETAS as a party to this action, and add several parties, including the Department of Energy. (ECF No. 107.) In essence, Mr. Borris seeks to substitute in the newly named parties as Defendants for ETAS, with whom Mr. Borris has settled.

Rules 15 and 21 of the Federal Rules of Civil Procedure provide the proper procedural mechanisms to amend pleadings and change the parties to a suit. Pursuant to Rule 15(a), "leave to amend a pleading should be freely given when justice so requires." *Hawley v. Neyra Motor Cars, LLC*, No. 1:20-cv-681, 2021 U.S. Dist. LEXIS 66384, at *5 (S.D. Ohio Apr. 6, 2021) (Black, J.) (quoting *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998)). Determining whether justice requires the amendment is entrusted to the discretion of a district court. *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).

Rule 21 gives the Court discretion, on its own or by motion, to add or drop a party, or sever any claim against a party. Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party."). The Court is vested with great discretion in determining whether to add or drop parties or to order severance. *In re E. I. du Pont de Nemours & Co. C-8 Pers. Injury Litig.*, No. 2:13-

md-2433, 2014 U.S. Dist. LEXIS 117721, at *25 (S.D. Ohio Aug. 21, 2014) (citing 4 James Wm. Moore et al., Moore's Federal Practice § 21.02(1) (3d ed. 2007)).

Although Mr. Borris's request for leave to file an amended complaint is quite untimely (filed over three years after the original complaint was filed), in the interest of fairness and because leave to amend is freely given, the Court will allow Mr. Borris to amend his Complaint. Thus, the Court **GRANTS** Mr. Borris's unopposed motion for leave to file an amended complaint (ECF No. 105) and accepts the proposed Amended Complaint as operative (ECF No. 105-1). The Court also **GRANTS** Mr. Borris's motion (ECF No. 107) to **DROP** ETAS as a Defendant under Rule 21 and add the newly named Defendants. Since ETAS is no longer a Defendant, the claims against ETAS in the Amended Complaint are **DISMISSED** with prejudice, and ETAS is also dropped as a party in the Amended Complaint. The Court, however, expresses no view on the merits of Mr. Borris's claims against the added Defendants in the Amended Complaint.

The Court also finds that the interest of the parties would be best served by severing Mr. Borris's claims against the added Defendants from his claims against ETAS. *See* Fed. R. Civ. P. 21. For the sake of clarity, the Court thus severs the claims and directs the Clerk to create a new case number for the claims against the added Defendants.

Accordingly, the Clerk is **DIRECTED** to (1) assign a new individual case number for Counts I, II, III, IV, and V[1] of the Amended Complaint (ECF No. 105-1); (2) mark this new case as related to the original action; and (3) copy and transfer all filings from the original action to the docket for the new case. The Court **DENIES** as moot the pending motions in limine (ECF Nos. 61, 62, 63, 64, 65, 66, 81, 82, and 83). Upon creation of the new case number and docket, the Clerk

---

[1] Count VI of the Amended Complaint is brought against ETAS and thus is dismissed given that the Court granted Mr. Borris's motion to drop ETAS as a party (ECF No. 107).

is **DIRECTED** to terminate this case.

      **IT IS SO ORDERED.**

<u>**2/29/2024**</u>                                                      <u>**s/Edmund A. Sargus, Jr.**</u>  
**DATE**                                                            **EDMUND A. SARGUS, JR.**  
                                                                      **UNITED STATES DISTRICT JUDGE**