UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PHILIP BORRIS,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
ENERGY, *et al.*,

    Defendants.

Case No. 2:24-cv-951
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court on the Motion to Stay filed by Defendants. (ECF No. 127.) Defendants move the Court for an order staying this case to allow an administrative action before the United States Department of Labor to proceed. (*Id.*) Plaintiff Philip Borris opposes that Motion (ECF No. 128), and Defendants filed a Reply (ECF No. 132). For the reasons below, the Motion to Stay is **GRANTED**. (ECF No. 127.)

## BACKGROUND

Mr. Borris brought this case originally against Enterprise Technical Assistance Services, Inc. ("ETAS"). (ECF No. 1.) Mr. Borris alleged that ETAS offered him employment, but after he accepted that offer, ETAS backed out. (*Id.*; *see also* ECF No. 115 (Amended Complaint).) He contends that ETAS backed out of his employment agreement at the request of the United States Department of Energy ("DOE"), and that the DOE conspired with its contractors, including ETAS, to prevent him from working at DOE sites. (*See* ECF No. 115.) The DOE did so, Mr. Borris alleges, because he previously reported health and safety concerns about the DOE's Portsmouth Paducah Project Office ("PPPO") to government agencies, the media, and lawmakers. (*Id.* ¶¶ 20–36.)

The PPPO manages the DOE's cleanup efforts at two formerly gaseous diffusion plants—Portsmouth, Ohio (Piketon) and Paducah, Kentucky (Paducah). The PPPO hires contractors, like ETAS, to assist the DOE with its cleanup efforts. (*Id.* ¶ 1.) Throughout his career, Mr. Borris worked for several contractors hired by the PPPO. (*Id.* ¶ 2.) He filed a False Claims Act claim against one such contractor, Bechtel Jacobs, alleging that Bechtel made false statements to the DOE about health and environmental safety concerns during the decommissioning process. (*Id.* ¶ 30; *see also* ECF No. 51, PageID 3884 (Opinion and Order on Summary Judgment).) His Amended Complaint alleges that the DOE retaliated against him for filing the claim by obstructing his ability to work for PPPO contractors. (ECF No. 115, ¶ 12.)

## I. Mr. Borris's claims against ETAS

When ETAS rescinded its offer of employment, Mr. Borris sued. (*Id.* ¶ 67.) After several years of litigation, Mr. Borris settled and dismissed his claims against ETAS. (ECF Nos. 97, 107.) Yet, at the same time, he sought leave from the Court to amend his Complaint and add as Defendants the DOE, the PPPO, Joel Bradburne, Reinhard Knerr, David Riley, Susan Sparks, and Teri Donaldson. (ECF Nos. 105, 107, 108.) The individual Defendants all held leadership positions within the DOE and oversaw operations at the PPPO. (ECF No. 115, ¶ 3–7.) On February 29, 2024, the Court granted Mr. Borris leave to amend, severed his claims against the new Defendants, and directed the Clerk to create a new case number for his newly added claims. (ECF No. 108, PageID 5738; *see also Borris v. Enter. Tech. Assistance Services, Inc.,* Case No. 2:20-cv-5664 (S.D. Ohio).)

## II. Mr. Borris's claims against the newly added Defendants

The Amended Complaint asserts five causes of action. (*See* ECF No. 115.) First, Mr. Borris alleges that the DOE, Mr. Bradburne, Mr. Knerr, Mr. Riley, and Ms. Sparks conspired to punish him for speaking out about health and safety concerns in violation of his rights under the First

Amendment. (*Id.* ¶¶ 78–86.) Next, he alleges that the DOE violated 42 U.S.C. § 5851(a) of the Energy Reorganization Act of 1974, 42 U.S.C. § 5801 *et seq.* ("ERA") by discriminating against him for reporting violations of the ERA. (*Id.* ¶¶ 87–92.) Third, he claims that the DOE, Mr. Bradburne, Mr. Knerr, Mr. Riley, and Ms. Sparks violated his procedural due process rights by depriving him of employment. (*Id.* ¶¶ 93–98.) Under his fourth cause of action, he alleges that the hiring freeze imposed by the DOE was unconstitutional, arbitrary and capricious, and should be set aside under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* ("APA"). (*Id.* ¶¶ 99–103.) Last, he alleges that the DOE and Inspector General Donaldson violated 41 U.S.C. § 4712 by failing to investigate his complaint that the DOE conspired to prevent his employment. (*Id.* ¶¶ 104–110.)

### III. Mr. Borris's administrative action before the Department of Labor

On March 15, 2024, Mr. Borris also filed a whistleblower retaliation complaint against the DOE, under 42 U.S.C. § 5851(a), with the United States Department of Labor, Occupational Safety and Health Administration ("OSHA"). (*See* ECF No. 127-1.) OSHA dismissed Mr. Borris's complaint after finding that the DOE was entitled to sovereign immunity. (ECF No. 127-2.) Mr. Borris objected to OSHA's decision and requested a hearing before an administrative law judge, arguing that OSHA erred in finding that sovereign immunity bars the agency from investigating Mr. Borris's complaint under the ERA. (ECF No. 127-3.) The DOE moved to dismiss the administrative action (ECF No. 127-4), and on June 12, 2024, an administrative law judge with the Department of Labor dismissed Mr. Borris's claim as barred by sovereign immunity. (ECF No. 128-1.) Mr. Borris appealed the administrative law judge's decision to an Administrative Review Board. (ECF No. 134, PageID 6383 (citing OALJ Case No. 2024-ERA-00006).)

3

At the request of the Court (ECF No. 133), the parties filed a joint status report updating the Court that as of May 27, 2025, the Administrative Review Board has not issued a final decision on the merits of Mr. Borris's appeal (ECF No. 134, PageID 6383).

Defendants ask this Court to stay this case until the administrative proceeding is fully resolved. (*See* ECF No. 127.) Mr. Borris responds that the administrative action pending before the Department of Labor relates only to his second cause of action for violations of the ERA, and there is no need to stay all five causes of action. (ECF No. 128, PageID 6356.)

## STANDARD OF REVIEW

A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). But courts "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977). When evaluating whether a movant has met the heavy burden of showing a stay is necessary, courts consider the following factors:

> (1) the need for a stay; (2) the stage of the litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court.

*Kirby Devs., LLC v. XPO Glob. Forwarding, Inc.*, No. 2:18-cv-500, 2018 U.S. Dist. LEXIS 197742, at *7 (S.D. Ohio Nov. 20, 2018) (Smith, J.).

## ANALYSIS

Given the overlapping allegations in this action and Mr. Borris's administrative appeal, the Court concludes that staying the case to allow the administrative appeal to proceed will simplify

4

the issues, reduce the burden of the litigation on the parties and the Court, and will not tactically disadvantage or unduly prejudice Mr. Borris.

## I. The need for a stay factor weighs in Defendants' favor.

Defendants first argue that there is a need for a stay under the ERA because Mr. Borris has not exhausted his administrative remedies. (ECF No. 127, PageID 6308–09.) Defendants reason that § 5851(b)(4) of the ERA contains two conditions precedent before an employee may seek review of an agency decision in the district court—neither of which Mr. Borris has satisfied. (*Id.* PageID 6308–09.) Either the Department of Labor must have failed to issue a final decision within a year of Mr. Borris's complaint, or Mr. Borris must have been adversely affected by a final agency order. (*Id.*) Since Mr. Borris does not argue that either condition has occurred, he is not entitled to seek judicial review until he exhausts his administrative remedies, says Defendants. (*Id.*)

Mr. Borris responds that staying his claims while the administrative action is adjudicated will diminish his rights under federal law in violation of the ERA. (ECF No. 128, PageID 6356–57 (citing 42 U.S.C. § 5851(h)).) He expects that the Administrative Review Board will issue an unfavorable decision, and he plans to appeal that decision to the Sixth Circuit. (ECF No. 128, PageID 6357.) In the meantime, Mr. Borris argues that the Court should adjudicate his remaining federal claims to avoid an unfair delay. (*Id.*)

The ERA prohibits entities from discharging, or discriminating against, any employee because the employee engaged in an activity protected by statute. *McNeill v. U.S. Dep't of Lab.*, 243 F. App'x 93, 97 (6th Cir. 2007) (quoting 42 U.S.C. § 5851(a)(1)). If an employee believes they have been discriminated against, the statute allows the employee to file a complaint with the Department of Labor. 42 U.S.C. § 5851(b)(1). The Department of Labor then investigates the complaint and issues an order either providing relief or denying the complaint. *Id.* § 5851(b)(2).

If there is no final agency order within a year of the employee filing a complaint, the statute allows the employee to file a lawsuit in the appropriate district court seeking review of the administrative decision. *Id.* § 5851(b)(4). Otherwise, if the employee receives an unfavorable final decision, and is "adversely affected or aggrieved by an order issued under subsection (b)," then the employee can appeal the administrative decision to the Sixth Circuit, but not the district court. *See id.* § 5851(c). The statute also permits a party to bring a mandamus action in the district court to enforce "[a]ny nondiscretionary duty" imposed by § 5851. *Id.* § 5851(f).

Mr. Borris filed his Amended Complaint on February 29, 2024 (ECF No. 115), and his whistleblower retaliation complaint with OSHA on March 15, 2024 (ECF No. 127-1). While caselaw on subsection (b)(4) of § 5851 is sparse, the statute's language conveys that a plaintiff must exhaust his or her administrative remedies prior to seeking judicial review. In *Vander Boegh v. EnergySolutions, Inc.*, when affirming the district court's finding that the plaintiff did not have statutory standing under four federal environmental statutes,[1] the Sixth Circuit contrasted the language (or more precisely, the lack of language) in those statutes, with the language of the ERA, and observed:

> The ERA provides the only avenue by which a claimant may bring his original claim to district court. *See* 42 U.S.C. § 5851(b)(4) (providing that if there is no final agency order after one year, the district court "shall have jurisdiction . . . without regard to the amount in controversy" over a claimant's ERA action filed in district court). Likewise, the regulations distinguish the ERA from the environmental statutes in jurisdictional terms. 29 C.F.R. § 24.114 (detailing a district court's jurisdiction over ERA retaliation claims). The language of the ERA is instructive because it demonstrates that Congress knew how to grant a claimant a statutory by-pass to district court—and expressly vest jurisdiction in district court—but it elected not to do so in the four environmental statutes.

---

[1] The Safe Drinking Water Act, 42 U.S.C. § 300f *et seq.* ("SDWA"); the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.,* commonly known as the Clean Water Act ("CWA"); the Toxic Substance Control Act, 15 U.S.C. § 2601 *et seq.* ("TSCA"); and the Solid Waste Disposal Act, 42 U.S.C. § 6901 *et seq.* ("SWDA").

772 F.3d 1056, 1068 (6th Cir. 2014).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994) (internal citations omitted). Meaning that if a claim does not fit within the scope of the jurisdiction established by Congress, then the claim cannot be heard by the district court. *See id.*

Here, Congress narrowly defined the Court's jurisdiction over ERA claims. The Court has doubts that Mr. Borris's claim fits within the defined scope of the Court's jurisdiction. *See* 29 C.F.R. § 24.114. He did not file his Amended Complaint in this Court because the Department of Labor failed to act on his administrative complaint for over a year. *See* 42 U.S.C. § 5851(b)(4). Rather, he filed his OSHA complaint *after* filing his Amended Complaint in this Court. Nor has Mr. Borris received an unfavorable final decision from the Administrative Review Board. *Id.* § 5851(c)(1). Even if he had, his only relief from an adverse decision would come from the Sixth Circuit—not this Court. *See id.*

That said, the Court finds it most prudent to stay the case until the administrative proceedings conclude. Mr. Borris's claims before the Department of Labor, and the Administrative Review Board, overlap with his claims before this Court—in both he alleges that the DOE prohibited him from working with its contractors because of his past whistleblower activity. (*See* ECF Nos. 127-1 (Department of Labor Complaint); *see also* ECF No. 115, ¶¶ 87–92 (Amended Complaint).) While the Court agrees with Mr. Borris that the determination in the administrative action may not be dispositive of his federal constitutional claims, resolving the sovereign immunity question before litigating in this Court will simplify the issues and reduce the burden for both the parties and the Court.

7

Contrary to Mr. Borris's assertion, subsection (h) does not change this conclusion. Subsection (h) provides that the ERA "may not be construed to expand, diminish, or otherwise affect any right otherwise available to an employee under Federal or State law to redress the employee's discharge or other discriminatory action taken by the employer against the employee." 42 U.S.C. § 5851(h). This subsection makes clear that the ERA does not foreclose an employee's right to seek redress under federal or state law for adverse employment actions but the statute does not entitle an employee to pursue those claims in the district court concurrently with a related administrative action. The first factor, therefore, supports the need to stay the case.

## II. The procedural posture of the case supports a stay.

The remaining factors also favor a stay. Those factors include the stage of the litigation, the potential prejudice, or tactical disadvantage faced by Mr. Borris, whether the stay will simplify the issues, and whether the stay will reduce the burden of litigation on the parties and the Court. *Kirby Devs., LLC*, 2018 U.S. Dist. LEXIS 197742, at *7 (describing all five factors).

As of this Opinion and Order, Defendants have not answered the Amended Complaint and the parties have not conducted discovery. The Court extended Defendants' deadline to respond to the Amended Complaint until fourteen days after either (1) the Motion to Stay is denied, or (2) after the stay is lifted. (ECF No. 131.) The early stage of the litigation reduces the potential tactical disadvantage that Mr. Borris may suffer because of a stay.

Nor is the Court persuaded by Mr. Borris's concerns that allowing the administrative action to proceed will unfairly delay the adjudication of his federal claims. Mr. Borris initiated this litigation in October 2020, and then more than three years later, sought leave from the Court to amend his complaint and add the current Defendants. His conduct in the litigation contradicts his arguments about unfair delay and potential prejudice.

8

The final two factors, that focus on concerns about judicial economy, also favor a stay of this litigation. Absent a stay, the parties would be forced to litigate similar factual and legal issues in both the administrative action and this Court. Further, either party subject to an unfavorable final decision by the Administrative Review Board has the right to appeal that decision to the Sixth Circuit, and Mr. Borris intends to exercise that right. (ECF No. 128, PageID 6357 (citing 42 U.S.C. § 5851(c)(1).) Since the Sixth Circuit would be confined to the administrative record, discovery conducted in this case could not be used in an appeal of the final administrative decision. Litigation in both forums would duplicate work where resources are limited and could result in inconsistencies. Thus, judicial economy will be saved by awaiting the resolution of the administrative action. *LaGuardia v. Designer Brands, Inc.*, No. 2:20-cv-2311, 2020 U.S. Dist. LEXIS 199262, at *30 (S.D. Ohio Oct. 27, 2020) (Morrison, J.) (citation omitted) (explaining that the focus should be on judicial economy when a court considers a stay pending the resolution of the same or similar issues in another forum).

Because all factors favor a stay, Defendants have met their burden of showing a stay is necessary. The Motion to Stay is **GRANTED**.

## CONCLUSION

For the reasons above, Defendants' Motion to Stay is **GRANTED**. (ECF No. 127.) The Case is **STAYED**. The parties are **ORDERED** to file Notice within **SEVEN DAYS** after receiving the final decision in the administrative proceeding before the Department of Labor.

**IT IS SO ORDERED.**

**6/11/2025**  **s/Edmund A. Sargus, Jr.**
**DATE**  **EDMUND A. SARGUS, JR.**
  **UNITED STATES DISTRICT JUDGE**